**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**
(Baltimore Division)

| | |
|---|---|
| In Re<br><br>**WKH, LLC,**<br><br>Debtor. | Bankruptcy Case: 25-19909-MMH<br><br>Chapter 11 |

**THE UNITED STATES TRUSTEE'S
MOTION TO CONVERT TO CHAPTER 7 OR DISMISS CASE**

Matthew W. Cheney, Acting United States Trustee for Region 4, which includes the District of Maryland, Baltimore Division (the "United States Trustee"), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. §1112(b), converting to Chapter 7 or dismissing the above-referenced case.

In support thereof, the United States Trustee represents as follows:

**BACKGROUND**

1. Debtor, WKH, LLC ("WKH"), commenced this Chapter 11 case on October 23, 2025. (*See* Doc. 1.)

2. WKH, LLC is a single asset real estate debtor who owns real property located at 700 Connolly Farms Road in Fallston, Maryland. (Doc. 1 at 2, 10.) According to WKH's schedules, its only other assets at the time of filing was a bank account at M&T Bank containing $250, security deposits in an unknown amount, unpaid rent of either

$3,000 or $1,500, and timber worth $35,0000. (*See* Doc. 1 at 5, 6, 8.) WKH's schedules also reflect leases with four tenants. (Doc. 1 at 19.)

3. According to its Schedules WKH has secured debts of $1,525,000 consisting of $25,000 of property taxes and $1.5 million of mortgage debt. (Doc. 1 at 14-15.) WKH has no unsecured creditors. (Doc. 1 at 15-18.)

4. As is his practice, in connection with the filing of any Chapter 11 case, the United States Trustee requested relevant information and documents from WKH, including, *inter alia*, copies of pre-petition bank statements for May 2025 through October 2025, proof of opening a Debtor-in-Possession bank account ("DIP Account"), copies of its two most recent tax returns, a copy of its mortgage, a copy of the foreclosure notice and copies of its lease agreements with its tenants.

5. The United States Trustee's initial request for information was made on October 23, 2025. Subsequent requests were made on November 17, 2025, November 25, 2025, December 1, 2025, and December 16, 2025.

6. As of today, WKH has not provided any of the following: copies of pre-petition bank statements for May 2025 through October 2025, proof of opening a DIP Account, copies of its two most recent tax returns, a copy of its mortgage, a copy of the foreclosure notice and copies of its lease agreements with its tenants.

7. Since filing the case, WKH has not filed any monthly operating reports. As of today, reports for October, November and December of 2025 are outstanding and overdue.

8. As of today, WKH has not paid any of the statutorily required quarterly fees that have come due. Currently, estimated fees of $250 are overdue and outstanding for the fourth quarter of 2025. Those fees could be higher depending upon WKH's disbursements during those quarters but because of its failure to file any monthly operating reports, the United States Trustee cannot accurately calculate those fees.

9. As discussed more fully below, cause exists to convert this case to Chapter 7, or to dismiss it.

## ARGUMENT

10. Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee. 11 U.S.C. § 1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011). Which of the three actions should be taken is determined by the best interests of the creditors and the estate. *Id.*

11. In determining which of the three remedies is appropriate, the Court is to consider only the best interests of the creditors and the estate. The interest of the debtor is not a factor to be considered. *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

12. If the moving party establishes "cause," the debtor (or other party-in-interest opposing the motion) can avoid conversion, dismissal, or the appointment of a trustee only

by showing:

> i. "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate";
>
> ii. a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> iii. the grounds for converting or dismissing the case include an act or omission of the debtor (a) for there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[1]

13. The Code provides 16 examples of "cause." 11 U.S.C. §1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *In re Skeen, Goldman, LLP*, Case No. 07-10535-JS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

### Failure to File Monthly Operating Reports

14. Pursuant to 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015, Chapter 11 debtors-in-possession are required to file operating reports with the Court and the United States Trustee on a monthly basis.

---

[1] Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required and the exceptions set forth in this paragraph do not apply. 11 U.S.C. § 1112(b)(2)(B).

15. The failure to file monthly operating reports constitutes "cause," pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See Landmark Atlantic*, 448 B.R. at 716-17; *In re All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001); *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D. Md. 1992); *see also* 11 U.S.C. § 1112(b)(4)(F) ("cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter"). As one bankruptcy court explained:

> Monthly operating reports "are much more than busy work imposed upon a Chapter 11 debtor for no other reason than to require it do something." They are "the life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations. Failure to file them -- and to file them timely -- is a serious breach of the debtor's fiduciary obligations and "undermines the Chapter 11 process." It is well established, consequently, that a debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.

*In re Rey*, Nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435 at *8 (Bankr. N.D. Ill. Aug. 21, 2006) (citations omitted); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("[r]efusal or inability to provide financial disclosure [through monthly operating reports] sounds the death knell of a chapter 11 case").

16. WKH has not filed any monthly operating reports since filing this case. Thus, reports for October, November and December 2025 are currently overdue and outstanding.

### Failure to Pay Quarterly Fees

17. Pursuant to Section 1930(a)(6) of title 28, United States Code, the Debtor is required to pay the United States Trustee a quarterly fee "until the case is converted or dismissed, whichever occurs first." This fee is determined under a sliding scale based upon quarterly disbursements and such disbursements are required to be reported in the monthly operating reports discussed above.

22. WKH has failed to pay the full amount of the quarterly fees due in this case. WKH owes and has been billed for estimated quarterly fees in the amount of $250, constituting the minimum fee for the fourth quarter of 2025. Those fees could be higher depending upon WKH's disbursements, but its failure to file monthly operating reports has made accurate calculation of the applicable fee impossible.

18. WKH's failure to pay quarterly fees constitutes cause for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(K).

### Failure to Provide Information

19. 11 U.S.C. § 1112(b)(4)(H) provides that "failure to provide information . . . reasonably requested by the United States trustee" constitutes "cause."

20. WKH's refusal to provide copies of pre-petition bank statements for May 2025 through October 2025, proof of opening a DIP Account, copies of its two most recent tax returns, a copy of its mortgage, a copy of the foreclosure notice and copies of its lease agreements with its tenants upon request by the United States Trustee constitutes "cause"

- 6 -

pursuant to 11 U.S.C. § 1112(b).

### Local Rule 9013 Statement

21. The United States Trustee submits that no novel issue of law is presented with respect to the matters contained herein. Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee states that he is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

### RELIEF REQUESTED

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order:

    (1)    Granting this Motion;

    (2)    Converting to Chapter 7 or in the alternative dismissing this case; and

    (3)    Granting such other and further relief as is just and proper.

Dated: February 10, 2026

Respectfully submitted,

Matthew W. Cheney,
Acting United States Trustee for Region 4

By: */s/ Hugh M. Bernstein*
Hugh M. Bernstein
Fed. Bar No.: 23489
United State Department of Justice
101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-4300
E-mail:  hugh.m.bernstein@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 10, 2026, a copy of the foregoing was sent via first class mail, postage prepaid to:

> WKH, L.L.C.
> 209 Goodwood Gdns
> Baltimore, MD 21210-2531.

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

- **Hugh M. (UST) Bernstein**   hugh.m.bernstein@usdoj.gov
- **Gary S Poretsky**   gary@plgmd.com, phoenixlawgroupllc@jubileebk.net
- **Scott R. Robinson**   scottr@hrdlawyers.com, darcyf@hrdlawyers.com
- **US Trustee - Baltimore**   USTPRegion04.BA.ECF@USDOJ.GOV
- **Scott Bryan Wheat**   swheat@piellawfirm.com

                                         */s/ Hugh M. Bernstein*
                                         Hugh M. Bernstein